UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMY W. o/b/o C.M.W., a minor [1],       ) | |
|                                       ) | |
|     Plaintiff,                               ) | |
|                                       ) | |
|   v.                                         ) | CIVIL NO. 3:22cv904 |
|                                       ) | |
| KILOLO KIJAKAZI, Acting       ) | |
| Commissioner of Social Security,     ) | |
|                                       ) | |
|     Defendant.                        ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Child Disability Benefits under the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

Thus, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

(1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant was born on November 11, 2014. Therefore, he was a preschooler on July 9, 2020, the date application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since July 9, 2020, the application date (20 CFR 416.924(b) and 416.971 *et seq*.).

3. The claimant has the following severe impairments: autism spectrum disorder; attention deficit hyperactivity disorder (ADHD); developmental delay; feeding dysfunction/dysphagia; articulation disorder; sinusitis; and chronic lung disease/asthma(20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).

6. The undersigned finds that the claimant has not been disabled, as defined in the Social Security Act, since July 9, 2020, the date the application was filed (20 CFR 416.924(a)).

(Tr. 16-22).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on April 14, 2023.  On July 25, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on August 14, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

Under the Commissioner's regulations, a sequential analysis is utilized to determine whether a child is disabled. 20 C.F.R. § 416.924(a)-(d) (2001). The first step is to determine whether the child is engaged in any substantial gainful activity. The second step is to decide whether the child has a medically severe impairment or combination of impairments. The third step is to determine whether the child's impairment(s) meets, medically equals, or functionally equals, the criteria of any impairment in the Listings. If a child's impairment or combination of impairments medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. § 416.926. If a child's impairment or combination of impairments does not meet or equal any impairment contained in the Listings, the Commissioner will assess all functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a). If the functional limitations caused by the child's impairment(s) are the same as the disabling functional limitations caused by a listed impairment, the Commissioner will find that the impairment(s) is functionally equivalent in severity to the listed impairment. *Id*.

In determining whether the child's impairment(s) is functionally equivalent to a listed impairment, the Commissioner considers how the child functions in his activities in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a) and (d).

In support of remand, the Plaintiff argues that the ALJ failed to compare his activities to the activities typical of children his age (*i.e.* pre-school child and, later, school-age child). A review of the ALJ's decision reveals that the ALJ never acknowledged the change in Plaintiff's age level and also failed to apply different criteria for the two different age levels.  This failure requires remand.

Plaintiff further contends that the ALJ failed to make a finding as to whether Plaintiff's mother's testimony and reports were consistent with the evidence. Pursuant to SSR 16-3p, 2017 WL 5180304 at *6, "If a child with a title XVI disability claim is unable to describe his or her symptoms adequately, [SSA] will accept a description of his or her symptoms from the person most familiar with the child, such as a parent, another relative, or a guardian." Thus Plaintiff argues that the ALJ had a duty to evaluate the mother's testimony as if it were Plaintiff's, because Plaintiff. was only 7 years old and unable to testify on his own behalf.

SSR 16-3p at *8 provides that an ALJ "will explain which of an individual's symptoms [she] found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusion." An ALJ will consider such factors as (1) daily activities; (2) location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication; and (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3).Here, the ALJ stated that "the undersigned took into consideration the statements of the claimant's mother and teacher but does not consider their persuasiveness, as they are not considered to be opinions" (Tr. 22). The ALJ cited but did not evaluate mother's testimony at any other point in her decision (Tr. 15-22).

An ALJ's credibility finding is subject to the usual articulation requirements. 42 U.S.C. § 405(b)(1) states in part: "The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individuals applying for a payment under this title. Any such decision by the Commissioner which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable

language, setting forth a discussion of the evidence and stating the Commissioner's determination and the reason or reasons upon which it is based." In order for a court to conduct meaningful judicial review, an ALJ must clearly articulate the basis for her decision. *See* SSR 82-62, 1982 WL 31386 ("The rationale for a disability determination must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a specific conclusion."); SSR 83-14, 1983 WL 31254 ("There must be findings of fact and recitation of evidence which supports each finding"). In the present case, the ALJ's complete failure to provide a proper credibility analysis warrants remand.

    Lastly, Plaintiff argues that the ALJ erred in her assessment of the evidence. Plaintiff points out that the record is extensive and well-developed. The record contains over 2,800 pages of records from treating and examining medical providers, as well as school records (Tr. 243-3077). Yet, the ALJ's discussion of this evidence is cursory at best, ignoring critical evidence of record.

    In November 2017, Plaintiff underwent an initial psychoeducational evaluation (Tr. 317-31). This evaluation included multiple classroom observations, a review of records, cognitive testing, sensory and motor skills testing, and clinical observation (Tr. 317-31).  Although this report was in the record (Tr. 26), the ALJ did not mention it in her decision (Tr. 15-22). In March 2020, Plaintiff underwent a psychiatric evaluation with Rahila Qazi, M.D. (Tr.1102-04). Dr. Qazi observed developmental delay, with hyperactivity, a "very poor attention span," impaired insight, and impaired judgment (Tr. 1103). Although this report was in the record (Tr. 26), the ALJ did not mention it in her decision (Tr. 15-22). Plaintiff underwent genetic testing in 2020 (Tr. 2202-04, 2206-08). Testing identified a genetic variant that was "suspicious for being pathogenic" (Tr. 2207). Follow up evaluation determined that this genetic variant was "suspicious as the cause" of Plaintiff's symptoms (Tr. 2203). Although this evidence was in the record (Tr. 27), the ALJ did not mention it in her decision (Tr. 15-22).

There is much more evidence contained in the voluminous record that was not evaluated by the ALJ. As Plaintiff points out, Plaintiff's ability to function was critical, as the ALJ already found marked limitations in one domain (Tr. 20). If Plaintiff had marked limitations in an additional domain he would, pursuant to the regulations, be found disabled. 20 C.F.R. § 416.926a(a). Clearly, the ALJ's failure to evaluate medical and school records that related to Plaintiff's ability to function in the remaining 5 domains of functioning requires remand.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.

Entered: August 22, 2023.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court